UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:11CR393 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| BRIAN P. HORTON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

At the conclusion of a hearing conducted on December 2, 2013, pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), the Court ruled from the bench finding defendant Brian P. Horton competent to stand trial. (Minutes, dated December 2, 2013.) This Opinion and Order shall memorialize that ruling.

On August 18, 2011, defendant was charged on a criminal complaint with one count of transmitting a threatening communication, in violation of 18 U.S.C. § 876(c). (*See* Doc. No. 1, Complaint.) According to the affidavit of FBI Special Agent Charles P. Johnson, attached to the complaint, defendant sent a letter to the chambers of a probate judge in Florida threatening to kill his sister and her attorney. (*See* Doc. No. 1-1.) An indictment was subsequently returned charging defendant with the same offense. (Doc. No. 12, Indictment, filed August 31, 2011.) Defendant was initially released on bond, but bond was subsequently revoked, following a determination by the Magistrate Judge that defendant had violated the terms and conditions of his release.

On September 14, 2011, the Court granted the parties' joint request, pursuant to 18 U.S.C. §§ 4241(a) and (b), for a competency evaluation of defendant, finding reasonable cause to believe that "defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to adequately prepare a defense or otherwise assist properly in his defense." (Doc. No. 15.)

Defendant was transferred to the Federal Medical Center at Devens, Massachusetts (FMC Devens), for the purpose of submitted to a forensic mental health evaluation. In a report, dated February 6, 2012, a forensic psychologist diagnosed defendant with delusional disorder, persecutory type, and concluded that defendant was currently incompetent to stand trial on the indictment. (Doc. No. 37.) On February 13, 2012, the Court conducted a competency hearing. At the conclusion of the hearing, the Court found that defendant was not competent to stand trial, and ordered that he be returned to a suitable medical facility for the purpose of evaluation and restorative treatment. (Minutes, February 13, 2012; Doc. Nos. 41 and 47.)

Following a period of evaluation at the Federal Medical Center in Butner, North Carolina (FMC Butner), which was extended due to defendant's extenuating medical issues and his unwillingness to cooperate with the evaluation, a report was generated. (Doc. No. 64.) Consistent with the evaluation at FMC Devens, the report offered a diagnosis of delusional disorder, persecutory type, and concluded that defendant was incompetent to stand trial and that his condition was not likely to improve unless he was treated with psychotropic medications. Because defendant was resistant to the use of

2

such medications, the report's authors opined that judicial intervention would be necessary to compel such treatment.

Following the submission of the report, the government filed a motion to forcibly medicate defendant. (Doc. No. 66.) The Court conducted a hearing on the motion on January 3, 2013, which was continued to April 10, 2013, upon defendant's request to obtain an independent psychiatric evaluation. On April 22, 2013, the Court issued an order granting the motion. (Doc. No. 83.) Defendant was subsequently returned to Butner for restorative treatment.

On October 15, 2013, the Court received a report from Butner indicating that restorative treatment had been successful, and that defendant had been restored to competency. The report further detailed defendant's treatment, and contained the opinions of the treating psychiatrist and physician. (Doc. No. 105.) Specifically, the report provides:

> [defendant's] condition [has] improved considerably since treatment was initiated. He does not appear to be experiencing any medication side effects. His persecutory delusions have diminished in intensity and he no longer invests time and energy in these subjects. He can carry on a rational conversation without interjecting beliefs about conspiracies or injustices. He has been behaviorally stable. . . His prognosis is good with continued psychiatric treatment.

(Doc. No. 105 at 409.) With respect to defendant's competency to stand trial, the report provides that defendant has an accurate factual understanding of the charge against him and the possible penalties if he is convicted of the charged offense. The report also surmises that defendant is now capable of making rational decisions regarding his defense and assisting his counsel in preparing his defense. (*Id*. at 410-14.) Finally, the

report includes a certificate of restoration of competency to stand trial, pursuant to 18 U.S.C. § 4241(e).

At the competency hearing on December 2, 2013, defendant was responsive to questions posed by the Court. Defense counsel also reported that defendant was cooperative and able to work with her on matters involving his defense. Based upon the competency report, and the fact that defendant has stipulated to the conclusions contained therein, the Court finds by a preponderance of the evidence that defendant "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense," and, consequently, the Court finds that defendant is competent to stand trial. *See* 18 U.S.C. § 4241(e). A plea deadline hearing is set for December 12, 2013 at 10:30 AM, and a jury trial is scheduled to begin on February 3, 2014 at 8:00AM.

**IT IS SO ORDERED**.

Dated: December 4, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**