UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:11CR393 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| BRIAN P. HORTON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Brian Horton to dismiss the indictment for failure to state an offense. (Doc. No. 93.) The government opposes the motion. (Doc. No. 95.)

**I. BACKGROUND**

On August 18, 2011, defendant was charged on a criminal complaint with one count of transmitting a threatening communication in violation of 18 U.S.C. § 876(c). (Doc. No. 1, Complaint.) In an affidavit sworn by FBI Special Agent Charles P. Johnson and attached to the complaint, it was alleged that on June 7, 2011, defendant contacted the chambers of a Florida state judge, and requested a "record" of the probate proceedings involving his late mother's estate. When he was advised that no such record would be transmitted, defendant became upset and threatened that if anything were to happen to his sister and an attorney (Vicky Buckwalter and Ron Figler)—who were a party and counsel, respectively, in the probate matter—it would be the state court's fault.

On June 14, 2011, the state court judge's chamber's received a letter, sent through the U.S. Mails, from defendant wherein he allegedly wrote:

> I should have said I want to kill Both [sic] of them in cold blood . . . [and] I have exhausted all avenues in FL [sic]. Your office knows that what I am saying is true. Vigilante I will be. If I have a jury of my peers I want them to spare my life because I tried the Legal [sic] system in Florida and it failed to up hold [sic] the laws of the land of Fl. Maybe this will get a criminal hearing if I take the law into my own hands.

(Doc. No. 1-1, Affidavit, at 3; Doc. No. 111, letter filed under seal, at 430.)

On August 31, 2011, an indictment was returned charging defendant with the same offense. (Doc. No. 12, Indictment.) The indictment, which is the subject of defendant's motion to dismiss, contains less detail than the original complaint and supporting affidavit, and provides, in its entirety:

> On or about June 7, 2011, through June 14, 2011, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, BRIAN P. HORTON, knowingly did deposit in an authorized depository for mail matter, to be sent and delivered by the Postal Service, and caused to be delivered by the Postal Service according to the directions thereon, a communication addressed to the Florida Fifth Judicial Circuit, Middle District of Florida, and containing a threat to injure another person, in violation of Title 18, Section 876(c), United States Code.

(Doc. No. 12 at 27.)

In his motion to dismiss, filed July 10, 2013, defendant argues that the indictment is constitutionally deficient in that it has violated his Sixth Amendment right "to be informed of the nature and cause of the accusation." (Doc. No. 93 at 329 [quoting U.S. CONST. AMEND. VI].) He further claims that the indictment's deficiencies have deprived him of a meaningful opportunity to prepare and present a defense, impinging his rights under the Fifth and Sixth Amendments. (*Id*.)

## II. STANDARD

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" FED. R. CRIM. P. 7(c)(1); s*ee United States v. Blandford*, 33 F.3d 685, 704 (6th Cir. 1994) (The Sixth Amendment requires an indictment to "inform the defendant of 'the nature and cause of the accusation.'") (quoting *United States v. Piccolo*, 723 F.2d 1234, 1238 (6th Cir. 1983) (en banc)). "An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992) (citation omitted); *see United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) ("An indictment is generally sufficient if it 'fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished.'") (quoting *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005)). "However, the recitation of statutory language 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *United States v. McAuliffe*, 490 F.3d 526, 531(6th Cir. 2007) (quoting, among authorities, *Superior Growers*, 547 F.3d at 176).

"The indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." *McAuliffe*, 490 F.3d at 531 (citing *United States v. Reed*, 77 F.3d 139, 140 n.1 (6th Cir. 1996) (en banc). "An indictment is to be construed liberally in favor of its sufficiency." *Id*. (citing *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002)).

**III. DISCUSSION**

Defendant claims that the indictment fails to charge a violation of 18 U.S.C. § 876(c). Section 876(c) provides:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both. If such a communication is addressed to a United States judge, a Federal law enforcement officer, or an official who is covered by section 114 [18 U.S.C. § 1114], the individual shall be fined under this title, imprisoned not more than 10 years, or both.

The government does not contend that defendant directed a threatening communication to a United States judge, a federal law enforcement officer, or any official who is covered by 18 U.S.C. § 1114, such that § 876(c)'s enhancement would apply. Consequently, in order to establish a violation of § 876(c) in this case, the government must prove: (1) defendant caused a communication to be delivered, addressed to any other person ("mailing element"); (2) the communication contained a threat to injure the addressee or another person ("threat element"); and (3) defendant knowingly mailed the threatening communication ("*mens rea* element"). *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1712, 182 L. Ed. 2d 253 (2012); 18 U.S.C. § 876(c); *see also United States v. Williams*, 641 F.3d 758, 768 (6th Cir. 2011) (identifying similar elements for § 876(c) case involving enhancement).

Defendant does not seriously challenge the existence of the "*mens rea* element," as the indictment clearly charges that defendant knowingly sent the communication. Instead, he focuses on the first two elements, insisting that the indictment is fatally defective because it fails to: (1) state an address to which the

4

communication was mailed and to identify the person to whom the alleged communication was directed; and (2) set forth the contents of the alleged threat. (Doc. No. 93 at 332.) The Court will address each contention in turn.

### A. The Indictment Properly Charges the Mailing Element

Defendant complains that the indictment omits the address where the letter was sent and the identity of the subject of the alleged threat. However, neither fact goes to an essential element of § 876(c). *See* 18 U.S.C. § 876(c); *Rendelman*, 641 F.3d at 46 ("the person or entity to whom the threatening communication is addressed is not an essential element of a § 876(c) offense"); *United States v. Cox*, 957 F.2d 264, 266 (6th Cir. 1992) (in a case involving a criminal action under the "companion statute" [18 U.S.C. § 875(c)], the Sixth Circuit cited with favor courts that have found that "a specific individual as a target of the threat need not be identified" under § 876(c)).

Nonetheless, defendant's objection does indirectly raise the question of whether the addressee of the communication must be a natural person. Defendant would answer the question in the affirmative, and request a ruling that the government's case fails because the address on the envelope of the letter was a court and not a natural person.

Courts are far from uniform in their treatment of § 876(c)'s use of the term "person", and the Sixth Circuit has yet to weigh in on the issue. In *United States v. Davila*, 461 F.3d 298 (2d Cir. 2006), the indictment provided that the envelope containing the threatening communication was addressed to the "Connecticut State's Attorney's Office in Bridgeport," Connecticut. *Id.* at 307. In affirming the conviction under § 876(c), the court rejected the defendant's contention that the address on the

5

envelope was not a reference to a specific person. The court reasoned that, "[w]hile 'Connecticut State's Attorney's Office' may be used to refer to an institution, at the same time, the Connecticut State's Attorney is a person, and the words 'Connecticut State's Attorney's Office' are reasonably understood to indicate that person's office." *Id*. at 308.

Likewise, in *United States v. Williams*, 376 F.3d 1048, 1051-53 (10th Cir. 2004), the court held that threatening communications addressed to "U.S. Dist. Attorney Office's" was directed to the "natural person" holding that office. In reaching this conclusion, the court found that it was appropriate to consider, "at a minimum, the envelope and the salutation of a letter" to determine the subject to whom the letter was addressed. *Id*. at 1053. The Ninth Circuit took the analysis one step further and ruled that it was appropriate to consider the envelope, salutation, and body of the communication to determine the identity of the addressee. *See United States v. Havelock*, 664 F.3d 1284, 1296 (9th Cir. 2012) (finding that communications addressed to newspapers and websites were not addressed to natural persons under § 876(c)); *see, e.g., United States v. Naylor*, No. 8:12-CR-378, 2013 WL 1867064, at *1-*2 (D. Neb. May 3, 2013) (threatening communication mailed to "United of Omaha Life Insurance Company Processing Dept." was "addressed to whichever Mutual of Omaha employee had the misfortune to open the letter").

In support of his position that a state court cannot qualify as a "person" under § 876(c), defendant relies on *United States v. Brownfield*, 130 F. Supp. 2d 1177 (C.D. Cal. 2001). In *Brownfield*, the defendant was alleged to have sent a letter to the FBI threatening to kill a private person—the daughter of Frank Zappa—Moon Unit Zappa. The court found that the context of "person," as used in the regard to the mailing element,

6

suggests that it cannot include an agency of the federal government. The court reasoned, "[t]he statute reads, 'threat to injure the person of the addressee or of another,' meaning 'the person of another' . . . [and] 'person' denotes a physical body." *Id*. at 118 (quoting 18 U.S.C. § 876). Even in reaching this conclusion, the court agreed that "a threatening letter is 'addressed' to a person within the meaning of § 876 if the letter itself is directed to the attention of a specific [natural] person, even though the delivery instructions direct that the mail carrier deliver the letter to an institution, such as a place of employment." *Id*. at 1183 (quoting *United States v. Chapman*, 440 F. Supp. 1269, 1270 (E.D. Wis. 1977)).

Rounding out the Court's survey of the various treatments of the mailing element is *Rendelman*. Relying on the rulings of the Second and Tenth Circuits, the Fourth Circuit found that an indictment charging that the threatening communication was addressed to the "Marshals Service" "can reasonably be understood as addressed to the United States Marshal himself—a natural person." *Rendelman*, 641 F.3d at 46 (upholding the conviction and sentence under a plain error review). Alternatively, the court ruled that the term "person" was not limited to natural persons. The court reasoned:

> Section 876(c) merely requires proof that the accused knowingly mailed the threatening communication, not that he also intended to threaten the person of the recipient thereof. *See United States v. Floyd*, 458 F.3d 844, 847 (8th Cir. 2006). The phrase "addressed to any *other* person" in § 876(c) simply means that an accused does not violate that provision by mailing a threatening letter addressed to himself.

*Id*. at 46 (emphasis in original).

The Court finds the reasoning in *Rendelman* persuasive. The envelope of the letter referenced in the indictment is addressed to the "Florida Fifth Judicial Circuit,

7

Middle District of Florida." If this were the only information the Court had, it would conclude that a letter addressed to a state court can be reasonably understood as addressed to a natural person—the judge who presides over that court. However, the matter is complicated by the language of the letter, itself. The salutation provides some clue as to the actual intended addressee. Specifically, it reads: "To the Attorney General Office & the Press of the state of Florida." (Doc. No. 111 at 430.) Further, the language of the body of the letter makes clear that the intended recipient was Florida Attorney General Pam Bondi. (*See id*. ["Im [sic] putting Miss Bondi and her Office on notice no justice in Florida"; "Your office is liable for damages"; and "Thanks Miss Bondi I hope the voter[s] can hear my mothers [sic] cry"].) Under these circumstances, and to the extent that the statute requires the addressee to be a natural person, the Court concludes that the communication is addressed to, that is, directed to, the Florida attorney general—a natural person.[1]

Alternatively, the Court finds that the indictment need not identify a natural person as the addressee to be sufficient under the United States Constitution and FED. R. CRIM. P. 7(c)(1) because the language "addressed to any other person" can only logically be understood to prohibit prosecution of an individual who mails himself a threatening letter. To hold otherwise would allow for the nonsensical result that two

---

[1] The letter also appears to contain an additional mailing address, as follows:

> Lake County Clerk of Circuit
> Probate Division
> P.O. Box 7800
> Tavares, FL  32778

The Clerk of the Circuit Court, of course, is also a natural person.
.

8

identical threats to injure persons other than the addressee would be treated differently depending on whether the individual's name, or his office, is used in the address. As the court in *Williams* explained:

> The primary purpose of § 876, as evinced by the statute's plain meaning, is to proscribe the use of the United States Postal Service to mail to a person a threat to injure that person or another person. 18 U.S.C. § 876. This purpose would be frustrated by an interpretation of the word "person" which excludes government officials [or government entities]. Were this court to adopt such a narrow interpretation, one could avoid prosecution under § 876 merely by using a person's official title as opposed to her proper name in addressing a threatening letter. We decline to adopt a construction of the statute that could produce such an anomalous result.

*Williams*, 376 F.3d at 1053. This Court is likewise unwilling to endorse such an "anomalous result," especially where, as here, the threat was directed to two specifically named natural persons other than the addressee. Was the Court to endorse the hyper-technical pleading requirements urged by defendant, he could otherwise avoid prosecution simply by directing a threat to injure another to an individual's office. The Court finds defendant's challenge to the sufficiency of the mailing element to be without merit.

  B.  *The Indictment Properly Charges the Threat Element*

    Defendant requests that the indictment be dismissed for the additional reason that it does not describe the content of the threat. Defendant complains that without details involving the precise nature of the threat, "the government would be free to re-indict Mr. Horton for the same offense." (Doc. No. 93 at 334.) Additionally, defendant suggests that, "without knowing the content of the communication at issue, Mr. Horton must speculate about the alleged conduct and whether it may or may not have been protected speech." (*Id*.)

9

The indictment clearly charges defendant with causing to be mailed a communication containing "a threat to injure another person." (Doc. No. 12 at 27.) While the right to freedom of speech is obviously protected by the First Amendment, "true threats" enjoy no such protection. *See Watts v. United States*, 394 U.S. 705, 707-08, 89 S. Ct. 1399, 22 L. Ed. 2d 664 (1969); *R.A.V. v. St. Paul*, 505 U.S. 377, 388, 112 S. Ct. 2538, 120 L. Ed. 2d 305 (1992) ("threats of violence are outside the First Amendment"). "True threats" encompass statements "where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003). Under this definition, "a threat to injure another person" qualifies as a true threat, and puts defendant on notice "of the nature and cause of the accusation against him." *See, generally, United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting U.S. CONST. amend. VI)).

In addition to describing the nature of the conduct and identifying the addressee, the indictment provides the dates on which the threatening conduct took place. While the language is certainly bare-boned, the Court finds that it is sufficient to permit defendant to marshal a defense and to protect against double jeopardy. *See, e.g., Keys v. United States*, 126 F.2d 181, 184-85 (8th Cir. 1942) (holding that indictment charging attempt to extort money by threat to injure was not defective because of its failure to set forth the alleged threating letter, or its date or author); *United States v. Elonis*, 897 F. Supp. 2d 335, 339-40 (E.D. Pa. 2012) (indictment charging transmissions of threats to injure another and the dates of the transmissions sufficient under 18 U.S.C. § 875(c)); *United States v. Musgrove*, 845 F. Supp. 2d 932, 938 (E.D. Wis. 2011) (indictment

charging date of communication and threat to injure another sufficient under 18 U.S.C. § 875(c)); *United States v. Kistler*, 558 F. Supp. 2d 655, 656-57 (W.D. Va. 2008) (indictment charging transmitting threating communications and including dates of such conduct under 18 U.S.C. § 875(c) was sufficiently detailed to prevent subsequent prosecution in violation of Double Jeopardy Clause, notwithstanding the fact that it did not contain the specific words of the threat).[2]

**IV. CONCLUSION**

For all of the foregoing reasons, defendant's motion to dismiss the indictment (Doc. No. 93) is denied.

Dated: December 10, 2013

                                                                             *[signature]*
                                                                             **HONORABLE SARA LIOI**
                                                                             **UNITED STATES DISTRICT JUDGE**

---

[2] While courts evaluating motions to dismiss based on the sufficiency of the indictment should not stray beyond the language of the indictment, *see United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001), the Court observes that the original complaint charges the threatening conduct in detail, including the specific nature of the threat and the names of the targets of the threat. (*See* Doc. No. 1.) *See also Kistler*, 558 F. Supp. 2d at 656 (noting that the defendant conceded that, in light of discovery, defendant was "fully aware of the words of the alleged threats").

11